IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01137-BNB

TROY L. GALINDO,

    Plaintiff,

v.

PSYCHIATRIST DR. LAMPELA,
CASEMANAGER MR. BURBANK,
CM III OLSON,
WARDEN TRANE, and
BOARD OF COUNTY COMMISSIONERS OF SUMMIT COUNTY, COLORADO,
    (through the Summit County Jail),

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Troy L. Galindo, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Galindo initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983. On May 1, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Galindo to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure if he wishes to pursue his claims in this action. On May 31, 2013, Mr. Galindo filed an amended Prisoner Complaint (ECF No. 9).

    The Court must construe the amended Prisoner Complaint liberally because Mr. Galindo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended

Prisoner Complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed.

The Court has reviewed the amended Prisoner Complaint and finds that the amended Prisoner Complaint does not correct the deficiencies identified by Magistrate Judge Boland and does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Mr. Galindo was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Galindo's original Prisoner Complaint did not comply with the pleading requirements of Rule 8 because Mr. Galindo failed to provide a short and plain statement of his claims showing he is entitled to relief and he failed to provide a clear statement of the relief he seeks. More specifically, Magistrate Judge Boland determined that the original Prisoner Complaint made no sense because it was not clear why Mr. Galindo is suing the named Defendants or what relief Mr. Galindo is seeking. Magistrate Judge Boland specifically advised Mr. Galindo that, in order to comply with Rule 8, he "must identify, clearly and concisely and in plain language, who he is suing, the specific claims he is asserting, the specific facts that support each asserted claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights." (ECF No. 8 at 3.)

Despite these specific instructions, Mr. Galindo fails in the amended Prisoner Complaint to provide a clear and concise statement in plain language that identifies exactly what each Defendant did that allegedly violated his rights and he fails to provide a clear and concise statement of the specific facts that support each asserted claim. More specifically, he does not explain with respect to each asserted claim in the amended Prisoner Complaint what each Defendant did, when he or she did it, how he was harmed, and what specific legal right he believes was violated. *See Nasious*, 492 F.3d at 1163. As just one example, the Court will quote without alteration or correction

Mr. Galindo's allegations in support of his first claim for relief, which is titled "Constitutional Right." Those allegations are the following:

> Warden Trane and CMIII Olson's implication well acting under the color of law is a concerted action that hindered an irresolute civil action. And defendants' conduct willfully and wantonly prompted DOC officers to intimidate the plaintiff.
>
> When plaintiff was at CSP Administrative Segregation, during a Deputy Director Interview on 11.10.2011. The plaintiff had gave implied notice that explained oppressions by DOC officers. Concerning plaintiff's pro se prosecution against Summit County Jail. However, the defendants did not intervene to protect plaintiff's civil action against Summit County Jail. And consequently the defendants then permitted agents to use gauche aloud vitriol pompous. Whereas, DOC officers used prisoners' jargon that labelled the plaintiff as a snitch. Because the plaintiff had disclosed again criminal harassments.
>
> Most important, although moral turpitude has been continuing to be used for alienating the plaintiff. And defendants failures to perform an official duty of interventions. Without the result that may have prevented burdensome depression. As a result, subjected the plaintiff to mental cruelty in order to dissuade and undo plaintiff's pro se prosecution.
>
> Therefore, the defendants infringed procedural protection and violated the Fourteenth Amendment.

(ECF No. 9 at 6-7.) Although the Court will not specifically address each claim in the amended Prisoner Complaint, the Court notes that Mr. Galindo similarly fails to provide a short and plain statement of any claim for relief in the amended Prisoner Complaint. As a result, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that the "Motion to Amend Rule 8 Pursuant to Rule 15(d)" (ECF No. 10) is denied. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  6th  day of   June  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court